FILED
MAY 16 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WAYNE HOBART BIG CROW, | |
| Petitioner, | CIV 05-3008 |
| -vs- | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was charged, CR 99-30099, with involuntary manslaughter and assault resulting in serious bodily injury arising out of an automobile accident caused by defendant driving while intoxicated. The driver of the other vehicle, a fifteen-year-old girl, was killed and the passenger, a four-year-old girl, was left paralyzed from the chin down. Petitioner pleaded guilty to assault resulting in serious bodily injury and, on July 24, 2000, was sentenced to the statutory maximum sentence of 120 months custody. The sentence imposed was an upward departure from the then mandatory Federal Sentencing Guidelines based upon death, significant physical injury, adequacy of criminal history category, and extreme psychological injury. Petitioner appealed his sentence and, on April 6, 2001, the United States Court of Appeals for the Eighth Circuit affirmed, 11 Fed. Appx. 641, 2001 WL 333062.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 23, 2005. Petitioner's motion was filed beyond the one year period of limitations set forth in 28 U.S.C. § 2255. Petitioner contends that he is entitled to relief under the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). Petitioner's motion was filed within a year of the Supreme Court's decisions in Blakely and Booker. 28 U.S.C. § 2255 provides, in part, that the "limitation period shall run from the latest of . . . (3) the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Apprendi, Blakely, and Booker have not been found to be retroactive on collateral review. United States v. Fraser, ___ F.3d ___, 2005 WL 1090138 (1st Cir. 2005), Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005), In re Olopade, 403 F.3d 159 162-63 (3rd Cir. 2005), In re Elwood, --- F.3d ----, 2005 WL 976998 (5th Cir. 2005), Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005), McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005), and Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence is denied.

Dated this 16th day of May, 2005.

BY THE COURT:

_____
CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY
    (SEAL)